# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | | |
|---|---|---|
| **DAVID DUVALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Case No. 2:14CV62NCC** |
| | ) | |
| **MONROE COUNTY, MISSOURI,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

Before the court is the Motion to Dismiss Without Prejudice, filed by Plaintiff David Duvall. (Doc. 16). Defendant has filed a Response, in which it opposes Plaintiff's Motion (Doc. 17), and Plaintiff has filed a Reply (Doc. 18). Also before the court are Defendant's Motion to Dismiss and Defendant's Motion for Extension of Time to Respond to Plaintiff's Interrogatories. (Docs. 10, 15). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 6). For the following reasons the court finds that Plaintiff's Motion to Dismiss Without Prejudice should be granted, and that the remaining motions should be denied as moot.

## BACKGROUND and DISCUSSION

Plaintiff filed this civil rights cause of action in State court on or about May 30, 2014, (Doc. 1-3), and, on June 20, 2014, Defendant removed it to this federal

court (Doc. 1).  On July 10, 2014, Defendant filed an Answer to the Complaint with Affirmative Defenses.  (Doc. 9).  On July 24, 2014, Defendant filed a Motion to Dismiss or in the Alternative Motion for Judgment on the Pleadings (Motion to Dismiss), in which Defendant argued that Plaintiff lacked standing; Plaintiff had not been deprived of any constitutional rights; and Plaintiff failed to plead sufficient facts to support his claims.  (Doc. 10).  On August 8, 2014, Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss (Doc. 14), and Defendant filed a Motion for Enlargement of Time to Respond to Plaintiff's First Interrogatories, which Plaintiff served Defendant on July 22, 2014 (Doc. 15), and Plaintiff filed the pending Motion to Dismiss Without Prejudice  (Doc. 16).  The court has not ruled on either Defendant's Motion to Dismiss or on Defendant's Motion for Enlargement of Time.

In support of his Motion to Dismiss Without Prejudice, Plaintiff argues both that he has a serious medical condition and that he believes that he has engaged in productive discussion with persons who he believes represent Defendant.  In support of its opposition to Plaintiff's Motion, Defendant argues that it would be prejudiced if the court were to grant dismissal *without prejudice*; that Plaintiff may be seeking to avoid an adverse ruling on Defendant's Motion to Dismiss, which ruling would result in dismissal *with prejudice*; and that the case has progressed, including that Defendant has responded to Plaintiff's initial discovery requests.

Defendant also argues that it has incurred attorney's fees in the course of the preparation of its Motion to Dismiss and the preparation of responses to Plaintiff's discovery requests, and, in the event the court grants Plaintiff's Motion to Dismiss Without Prejudice, asks the court to require Plaintiff to pay Defendant's attorney's fees and costs.

On point, in <u>Mullen v. Heinkel Filtering Systems, Inc.</u>, 2014 WL 5353924, at *2 (8th Cir. Oct. 22, 2014), the Eighth Circuit has most recently held:

> Federal Rule of Civil Procedure 41(a)(2) provides that after a defendant has served its answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." . . . . A district court abuses its discretion:
>
>> when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.
>
> <u>Thatcher v. Hanover Ins. Grp., Inc.</u>, 659 F.3d 1212, 1213 (8th Cir. 2011) (quoting <u>Kern v. TXO Prod. Corp.</u>, 738 F.2d 968, 970 (8th Cir. 1984)). When deciding whether to exercise its discretion to allow a voluntary dismissal, the "district court should consider . . . 'whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants.'" <u>Donner</u>, 709 F.3d at 697 (quoting <u>Thatcher</u>, 659 F.3d at 1213-14).

Noting that the "relevant factors were before the district court," including the plaintiffs' explanation that recent discovery alerted them to the need to add defendants, the Eighth Circuit further held that "'a party is not permitted to dismiss

merely to escape an adverse decision.'"  Id. (quoting Donner v. Alcoa, Inc., 709

F.3d 694, 697 (8th Cir. 2013)).  The Eighth Circuit further noted, in Mullen, that

the district court's granting voluntary dismissal "did not result in a waste of

judicial time and effort because the case had not progressed very far," as the case

was "still in the early stages of discovery," although two hearings had been held on

discovery disputes.  Id.  The court additionally held:

> We have upheld granting motions to dismiss without prejudice when
> the cases were much further along.  See Metro. Fed. Bank of Iowa,
> F.S.B. v. W. R. Grace & Co., 999 F.2d 1257, 1262-63 (8th Cir. 1993)
> (upholding voluntary dismissal after some discovery had been
> completed and the defendants filed a motion for summary judgment);
> Kern, 738 F.2d at 971 (upholding voluntary dismissal after the
> plaintiff had presented all but one witness at trial).
>
>      Finally, [the defendants] have pointed out no prejudice resulting
> from the dismissal.  Legal prejudice means "something other than the
> necessity that defendant might face of defending another action."
> Kern, 738 F.2d at 970.  The expense and effort of drafting and
> responding to discovery prior to dismissal does not constitute legal
> prejudice.  See id.  Neither does the loss of the tactical advantage of
> the magistrate judge's ruling denying the [defendants'] motion to
> extend the expert deadline.  See Hoffmann v. Alside, Inc., 596 F.2d
> 822, 823 (8th Cir. 1979) (per curiam).

Id. at *3.

In regard to the awarding of costs and fees to a defendant when voluntary

dismissal, without prejudice, is granted, the Eighth Circuit held, in Mullen:

> "[P]ayment to the defendant of the expenses and a reasonable attorney
> fee may properly be a condition for dismissal without prejudice under
> Rule 41(a) but . . . omission of such condition is not necessarily an
> arbitrary act."  Kern, 738 F.2d at 972 (quoting N.Y., Chi. & St. Louis

R.R. Co. v. Vardaman, 181 F.2d 769, 771 (8th Cir. 1950)). "The time and effort invested by the parties, and the stage to which the case had progressed, are among the most important factors to be considered in deciding whether to allow a dismissal without prejudice, and, if so, on what conditions." Id.

Id. at *3.

Given that "no progress had been made in [Mullen]," including that depositions had been taken although discovery had been served, the Eighth Circuit found the district court did not abuse its discretion by granting the plaintiff's motion for voluntary dismissal without prejudice and without awarding the defendants fees and costs. Id.

Likewise, in the matter under consideration, although Defendant has responded to Plaintiff's interrogatories, the case has not progressed very far and is in the early stages of litigation. Further, Plaintiff has provided a proper explanation for his Motion; dismissal without prejudice will not result in a waste of judicial time; and if the court dismisses this matter, without prejudice, Defendant will not suffer legal prejudice as described in Mullen. The court finds, therefore, that Plaintiff's Motion to Dismiss Without Prejudice should be granted. Additionally, in the interests of justice, considering that Plaintiff is pro se, the court finds that Defendant should not be awarded attorney's fees and costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Without Prejudice is **GRANTED** (Doc. 16);

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 10) and Defendant's Motion for Enlargement of Time to Respond to Interrogatories (Doc. 15) are **DENIED**, as moot; and

**IT IS FINALLY ORDERED** that the parties shall assume their own costs.

Dated this 30th day of October 2014.

/s/ Noelle C. Collins
UNITED STATES MAGISTRATE JUDGE